Name          Darren  Christopher Carter
Street Address    8728 Fair Oaks Blvd #6
City and County    Carmichael
State and Zip Code   California, 95608
Telephone Number  916-437-9358

**FILED**

APR 06 2018

**CLERK, U.S. DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
BY _____ oᴋ_____
                    DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

Darren Christopher Carter

_____

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

Megan J. Brennan
Postmaster General and Chief Executive Officer

_____

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. ___2: 1 8 - CV - 0 8 2 3 MCE AC PS___

*(to be filled in by the Clerk's Office)*

Jury Trial:    ☒ Yes   ☐ No
               *(check one)*

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

|  |  |
|---|---|
| Name | Darren Christopher Carter |
| Street Address | 8728 Fair Oaks Blvd #6 |
| City and County | Carmichael |
| State and Zip Code | CA 95608 |
| Telephone Number | 916-437-9358 |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

|  |  |
|---|---|
| Name | Megan J. Brennan |
| Job or Title (if known) | Postmaster General and Chief Executive Officer |
| Street Address | 475 L'Enfant Plaza, SW Room 4012 |
| City and County | Washington |
| State and Zip Code | DC  20260-2200 |
| Telephone Number | 202-268-2000 |

Defendant No. 2

|  |  |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

2

Defendant No. 3

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

Defendant No. 4

Name _____

Job or Title _____
(if known)

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

II.   **Basis for Jurisdiction**

Federal Courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction?  *(check all that apply)*

☒ Federal question             ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* Darren Christopher Carter , is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

4

   b.   If the defendant is a corporation

The defendant, *(name)* _Megan J. Brennan_, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or is* incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   3.   The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

_____

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

_SEE ATTACHED COMPLAINT_____

_____

_____

_____

_____

5

IV.   **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A.  Compensatory damages in the amount of $300,000

B.  Other damanges and further relief as deemed just

V.   **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 6        , 2018.

Signature of Plaintiff        _Darren Christopher Carter_

Printed Name of Plaintiff     Darren Christopher Carter

## I. Complaint Against USPS

### Statements of Claims

Plaintiff, Darren Christopher Carter, a black male is a federal employee with over 28 years career of service with the United States Postal Service (USPS and Agency) and a United States Vet has been discriminated against and harassed by managers from the US Postal service.

On October 4, 2012, Mr. Carter was subjected to road rage. A civilian, Mr. Garcia followed Mr. Carter in his mail truck, and punched Mr. Carter in the face. Mr. Carter called Mr. Kaminisky, the postal supervisor, and went to the hospital and received 5 stitches over his eye. That evening Mr. Kaminsky, placed Mr. Carter on off duty status without pay after being discharged from the hospital. Mr. Kaminsky never came to see Mr. Carter at the hospital to take a statement. Mr. Kaminsky also did not get any statements from witness before placing Mr. Carter on off duty status without pay. Mr. Carter was not given an investigative interview until November 1, 2012. This was 28 days after Mr. Carter was assaulted. 17 days later, on November 19, 2012 Mr. Kaminsky issued Mr. Carter a Notice of Removal for serious misconduct. Mr. Kamainsky investigation took 45 days to complete. Being in off duty status for 45 days is in violation of Mr. Carters collective bargaining agreement. In addition placing Mr. Carter on off duty status without pay without doing a thorough and fair investigation is also a violation of the collective bargaining agreement. No other letter carrier was every placed on off duty status without pay for having been assaulted by a civilian. The Union appealed the Notice of Removal and via Arbitration Mr. Carter regained employment on October 26, 2013. He was out of work for over 1 ye

On March 14, 2014 around 4 pm Mr. Carter returned to the Town and Country Post Office to return his mail. Mr. Zagar, the custodian, had just completed waxing the floors in front of Mr. Carters' case. Mr. Carter went inside the post office with his cart to return the remaining mail to his case. Mr. Zagar was not happy with Mr. Carter having his cart on the newly waxed floor. They had a 5 second verbal disagreement and Mr.

Carter put the rest of his mail away and went home. That evening Supervisor, Miranda called Mr. Carter and let him know he was being placed on Emergency off duty status without pay for being a danger to himself and others. 30 days later, on April 10, 2014, Mr. Carter was issued a Notice of Removal for Unacceptable Conduct. Management also utilized old and expired discipline to justify the termination. This is in violation of his collective bargaining agreement. In addition Mr. Zagar, the custodian, was given no discipline that led to Mr. Carters Notice of Removal. No other letter carrier was placed on off duty status without pay for having a verbal disagreement. The union appealed the Notice of Removal and via Arbitration Mr. Carter regained his employment on December 20, 2015. Mr. Carter was out of work for 8 months and 10 days for a verbal disagreement.

Mr. Carter was consequence negatively with 2 Notice of Removal for incidents in which other letter carriers had never been disciplined for similar situations.