UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CHRISTOPHER CARTER,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br><br>Defendant. | No. 2:18-cv-00823 MCE AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff paid the filing fee and is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Pending is a motion to dismiss from the sole defendant, Postmaster General Megan J. Brennan. ECF No. 7. Plaintiff opposes dismissal (ECF No. 11), and defendant has replied (ECF No. 11). The parties appeared for a hearing on the matter on October 3, 2018. ECF No. 13.

**I. BACKGROUND**

A. <u>Allegations of the Complaint</u>

Plaintiff is a black male who worked for 28 years with the United States Postal Service and is a United States veteran. ECF No. 1 at 7. He claims that he has been discriminated against and harassed by managers at the US Postal Service. <u>Id.</u> In support of this contention, he alleges the following facts. On October 4, 2012, while plaintiff was driving his mail truck, a civilian followed plaintiff and then punched him in the face in an incident of road rage. <u>Id.</u> That evening,

1

after plaintiff was discharged from the hospital, plaintiff's supervisor placed him on off-duty status without pay. Id. Plaintiff was not given an investigative interview until November 1, 2012 – 28 days after the assault. Id. On November 17, 2012, plaintiff's supervisor issued a Notice of Removal for serious misconduct. Id. Plaintiff was in off-duty status for 45 days during the investigation, which is a violation of his collective bargaining agreement. Id. No other letter carrier was ever placed on off-duty status without pay for being assaulted by a civilian. Id. Plaintiff's union appealed the Notice of Removal in arbitration, and plaintiff regained employment on October 26, 2013. Id. Plaintiff was out of work for one year. Id.

On March 14, 2014, around 4:00 p.m., plaintiff returned to the Town and Country Post Office to return his mail. Id. The custodian at the facility had just completed waxing the floors in front of plaintiff's case. Id. Plaintiff went inside the post office with his cart to return the remaining mail to the case, upsetting the custodian. Id. Plaintiff had a 5 second verbal disagreement with the custodian, and he put his mail away and went home. Id. at 8. That evening, plaintiff's supervisor called him to notify him that he was being placed in emergency off-duty status for being a danger to himself and others. Id. Thirty days later, on April 10, 2014, plaintiff was issued a Notice of Removal for Unacceptable Conduct. Id. Management used plaintiff's "old and expired" discipline history to justify the termination, in violation of the applicable collective bargaining agreement. Id. The custodian was not disciplined. Id. No other letter carrier has been placed on off-duty status for a verbal disagreement. Id. Plaintiff's union appealed the Notice of Removal in arbitration and plaintiff regained his employment on December 20, 2018. Id. Plaintiff was out of work for 8 months and 10 days as a result of the verbal disagreement. Id.

    B.  The Claims

Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1965, 42 USC § 2000(e) *et seq.*, for disparate treatment in his workplace. ECF No. 1 at 4. It is unclear whether he also intends to pursue a claim for a hostile work environment.

## II. MOTIONS TO DISMISS

Defendant seeks to dismiss plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(6) on grounds

that plaintiff fails to allege sufficient facts to state a plausible disparate treatment claim. ECF No. 7-1 at 2.

    A. <u>Dismissal Standard Under Fed. R. Civ. P. 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the Complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. <u>Id.</u> (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>
In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 960 (9th Cir. 2010), <u>cert. denied</u>, 131 S. Ct. 3055 (2011); <u>Hebbe v. Pliler</u>, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

////

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Disparate Treatment Claims Under Title VII

To establish a prima facie case of disparate treatment, a plaintiff must show that he or she (1) is a member of a protected class; (2) was qualified for and was performing his or her job satisfactorily; and (3) experienced an adverse employment action; and that (4) similarly situated persons outside his or her protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. Hawn v. Exec. Jet Mgmt., Inc., 615 F.3d 1151, 1156 (9th Cir. 2010). In the context of an employment discrimination case, a plaintiff need not plead a prima facie case in order to survive a motion to dismiss pursuant to Rule 12(b)(6). See Swierkiewicz v. Sorema N.A., 534 U.S. 606, 515 (2002). Nonetheless, the court must look to these elements to decide whether plaintiff's complaint as pleaded contains sufficient factual matter, accepted as true, to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Fresquez v. Cty. of Stanislaus, No. 1:13-CV 1897-AWI-SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014) (Ishii, J.) (though plaintiff need not plead "all elements of a prima facie employment discrimination case in order to survive a motion to dismiss, courts look to those elements to analyze a motion to dismiss - so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

C. Harassment Claims Under Title VII

To establish a claim of harassment under Title VII, a complaint needs to allege specific facts regarding a plaintiff's experience of a hostile work environment. "To prevail on a hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected

4

to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." Vasquez v. City of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004). A complaint must make allegations of fact going to the above listed factors.

D. Analysis

The factual allegations of the complaint fail to state a claim under Title VII. Although plaintiff identifies his race and sex, his complaint does not tie either of these factors to the disciplinary actions at issue, nor does he expressly allege he was disciplined unfairly because of his race or sex. ECF No. 1 at 7-8. There are no facts stated in the complaint from which the court can reasonably infer that plaintiff's race, sex, or other protected class status motivated the disciplinary action he received, or that other similarly situated individuals (employees involved in similar incidents) who are not members of the relevant protected classes were not so severely punished. Id. It is not enough for plaintiff to simply allege he was treated unfairly; to state a Title VII claim plaintiff must allege that he experienced an adverse employment action *because of* his protected class status, and he must allege facts to support that assertion. Knox v. Donahoe, No. 11-2596, 2012 WL 949030, at *7 (N.D. Cal. Mar. 20, 2012) ("Mr. Knox alleges that the Postal Service treated him poorly—by giving him a hard time about the medical leave time, by demanding reimbursement for the health plan payment, and by imposing a dress code requirement—because of his race, his age, and/or his disability. . . . These allegations are insufficient to establish that the Postal Service acted with a discriminatory intent . . . ."), aff'd, 540 F. App'x 811 (9th Cir. 2013). Likewise, although plaintiff mentions harassment in his complaint, he does not allege a single fact regarding his experience of a hostile work environment. ECF No. 1.

The deficiencies in plaintiff's complaint are curable by amendment to add the necessary information described above. Plaintiff is proceeding in pro se, and is therefore entitled to an opportunity to amend under such circumstances. Noll, 809 F.2d at 1448. Plaintiff's complaint must be dismissed, but leave to file an amended complaint within 30 days is warranted.

### III. PRO SE PLAINTIFF'S SUMMARY

Your complaint is being dismissed because you did not provide enough facts to support a claim under Title VII for discrimination or harassment. The complaint must do more than state your belief that you were discriminated against; you must state specific facts that show you were treated differently than others in the same situation because of your race and/or sex. Also, if you are claiming harassment as well as discrimination, you need to state specific facts that show you were subjected a hostile work environment based on race or sex. It is recommended that you be given an opportunity to amend your complaint to include additional facts to support your claim(s). Your opportunity to file an amended complaint does not arise until after District Judge Morrison C. England rules on these Findings and Recommendations. Do not file an amended complaint until you receive an order from Judge England.

### IV. CONCLUSION

It is recommended that defendant's motion to dismiss (ECF No. 7) be GRANTED, but that plaintiff be allowed to file an amended complaint within 30 days of a ruling on these Findings and Recommendations.

Further, it is ORDERED that the status conference currently set for October 24, 2018 is VACATED, to be re-set as necessary.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 4, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE