1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DARREN CHRISTOPHER CARTER,              No.  2:18-cv-00823 MCE AC PS

12                 Plaintiff,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14    MEGAN J. BRENNAN, Postmaster
      General,
15
                 Defendant.
16

17

18         Plaintiff is proceeding in this action pro se.  The action was accordingly referred to the

19    undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21).  On January 4, 2018,

20    the District Judge assigned to this case adopted Findings and Recommendations (ECF No. 14)

21    issued by the undersigned dismissing plaintiff's complaint and allowing the filing of an amended

22    complaint within 30 days.  ECF No. 15.  Plaintiff did not file an amended complaint within the

23    time limit, and has not filed an amended complaint to date, even though nearly one year has

24    passed.  On November 6, 2019, defendant moved to dismiss with prejudice for lack of

25    prosecution.  ECF No. 16.  Plaintiff did not file a response.  ECF No. 17.  Plaintiff has not

26    responded to the court's orders, nor taken any action to prosecute this case.

27         Under Fed. R. Civ. P. 41(b), a defendant may move to dismiss an action if the plaintiff

28    fails to prosecute the case or comply with the Federal Rules or a court order.  See Fed. R. Civ. P.

                                                 1

41(b).  "When a plaintiff, who has been given the opportunity to amend the complaint or have his

or her action dismissed, does nothing, a Rule 41(b) dismissal is the appropriate sanction."

Moralez v. City of Fresno, No. 06-0224, 2006 WL 2085036, at *2 (E.D. Cal. July 25, 2006)

(emphasis in original); accord, e.g., Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017).  To

dismiss an action under Rule 41(b), a court considers (1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring

disposition of cases on the merits.  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

Here, all factors favor dismissal with prejudice for failure to prosecute.  It appears plaintiff

has abandoned this case.  The public's interest in expeditious resolution of litigation is not met,

the court cannot manage its docket, and the defendant is prejudiced where plaintiff fails to take

any action for nearly one year.  In the absence of any action by plaintiff, no less drastic sanctions

are available.  The public interest in disposing of cases on their merits cannot outweigh these

realities.

Therefore, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF

No. 16) be GRANTED, and that this action be dismissed with prejudice for lack of prosecution

and for failure to comply with the court's order.  See Fed. R. Civ. P. 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge

assigned to this case, pursuant to the provisions of  28 U.S.C. § 636(b)(l).  Within twenty-one

(21) days after being served with these findings and recommendations, any party may file written

objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Local Rule 304(d).  Failure to file objections within the

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

F.2d 1153 (9th Cir. 1991).

DATED: December 17, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2